# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDIA HERNANDEZ, and GRACIELA RUTIAGA, on behalf of herself and all other similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 20-cv-2825 |
| NATIONWIDE CREDIT, INC., d/b/a NCI, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## <u>CLASS COMPLAINT</u>

Plaintiffs, Claudia Hernandez and Graciela Rutiaga, on behalf of themselves and a putative class, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and allege:

## <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## <u>STANDING</u>

3. Defendants sent Plaintiffs a letter in an envelope which included language visible through the window of the envelope that violated their privacy, and also failed to adequately inform them of the identity of the creditor.

4. Plaintiffs suffered a concrete injury and harm to their reputation as a result of Defendant sharing of false information regarding an alleged debt with a third party.

1

5. Plaintiffs have thus suffered an injury as a result of Defendant's conduct, and suffered harm to their reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Claudia Hernandez ("Plaintiff"), is a consumer from whom Defendant attempted to collect a debt allegedly owed for a chase consumer credit card. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7. Plaintiff, Graciela Rutiaga ("Plaintiff"), is a consumer from whom Defendant attempted to collect a debt allegedly owed for a chase consumer credit card. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8. Defendant Nationwide Credit, Inc. d/b/a NCI ("NCI") is a Georgia corporation that does or transacts business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, Illinois, 60604.

9. NCI collects debts due or asserted to be due another, namely, JP Morgan Chase Bank, N.A.

10. NCI uses the phones or any instrumentality of interstate commerce to achieve its purpose of collecting debts.

11. NCI is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12. Each Plaintiff incurred an alleged debt for services used for personal purposes, family or household purposes, originally for a chase credit card ("alleged debt").

13. Plaintiffs used their cards to make purchases for personal and household use.

14. The alleged debts is each a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15. Due to their financial circumstances, Plaintiffs could not pay any debts, and the alleged debts went into default.

16. NCI subsequently began collecting the alleged debt for each Plaintiff and from multiple consumers in the State of Illinois.

17. On or about June 5, 2019, NCI mailed Plaintiff Hernandez a collection letter ("Letter"). (Exhibit A, Hernandez Letter)

18. The Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

19. The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

20. The Letter is a form letter.

21. Plaintiff read the Letter.

22. On or about April 2, 2020, NCI mailed Plaintiff Rutiaga a collection letter ("Letter"). (Exhibit B, Rutiaga Letter)

3

23. The Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

24. The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

25. The Letter was NCI's initial communication regarding the alleged debt.

26. The Letter is a form letter.

27. Plaintiff read the Letter.

28. Each Letter was mailed in an envelope with a glassine window that showed Plaintiff's name and address in printed form as well as in bar code form for the benefit of the post office, which uses such bar codes to expedite mailing.

29. Included with the return address was the phrase: PERSONAL AND CONFIDENTIAL. (Exs. A and B) (emphasis in the original).

30. Plaintiffs were dismayed when they saw the Personal & Confidential as it is a commonly used phrase on debt collection letters.

31. As a result, each Plaintiff knew the Letter was a collection letter before she opened it.

32. In fact, it was clear to anyone viewing the envelope that it contained a letter regarding a collection matter, including to Plaintiff's postal carrier, family members, and neighbors.

33. The FDCPA prohibits using an envelope that contains any language other than the Debt Collector's address.

34. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

35. NCI used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent each Plaintiff a collection letter in an envelope that contained language other than its address.

36. The inclusion of any language that is not NCI's name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

37. The Seventh Circuit further reiterated what the FDCPA already makes clear: no language or symbol other than the debt collector's address, is permitted. *Id*.

38. The Rutiaga Letter further states: "Original Creditor: JPMORGAN CHASE BANK, N.A."

39. The Rutiaga Letter than references a "current creditor" below:

> Upon your written requested within (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

(Ex. B, Rutiaga Letter)

40. However the Letter fails to reference any "current creditor."

41. Payment is directed to NCI at their mailing address.

5

42. However, NCI is not listed as the current creditor.

43. On information and belief, NCI is not the current creditor.

44. The Letter does not identify any creditor to whom a debt is owed.

45. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

46. NCI has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

47. A debt collector risks violating the FDCPA when it chooses its own language that does not make clear the identity of the current creditor. *Steffek v. Client Servs.*, No. 19-1491, 2020 U.S. App. LEXIS 1759, at *12 (7th Cir. Jan. 21, 2020) (requiring the debt collector to identify clearly the name of a creditor to whom a debt is owed, especially when payment is directed to a different company).

48. The failure to properly disclose the current creditor creates the potential for fraud and is a material violation. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F. 3d 317 (7th Cir. 2016).

49. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

50. Plaintiffs, Claudia Hernandez and Graciela Rutiaga, bring this action individually and as a class on behalf of:

(1) all persons similarly situated in the State of Illinois;

(2) from whom Defendant attempted to collect a debt;

(3) by sending a letter in an envelope containing the phrase PERSONAL AND CONFIDENTIAL visible above the return address;

(4) sent between one year prior to the filing of this Class Action Complaint to the filing of this Class Action Complaint.

51. Plaintiff, Graciela Rutiaga, brings this action individually and on behalf of an additional class consisting of:

(1) all persons similarly situated in the United States of America

(2) from whom NCI attempted to collect a debt

(3) by mailing an initial communication substantially similar to Exhibit B of Plaintiff's Complaint

(4) which lists the "original creditor" as JPMorgan Chase Bank and which

(5) does not list any creditor as "current creditor" or "creditor to whom the debt is owed" which

(6) was mailed during the period of time that begins one year prior to the filing of this Class Action Complaint, and ends on the date of filing of this Class Action Complaint.

52. Defendant regularly engages in debt collection, including attempting to collect defaulted consumer debts owed to others via the mails, in its regular course of business.

53. As exhibits A and B are form letters, each Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the same or similar form letter and envelope.

54. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of each Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

55. The prosecution of separate actions by individual members of either Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

56. Plaintiffs Hernandez and Rutiaga will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

57. Moreover, Plaintiffs have retained counsel that has been approved as class counsel in prior actions brought under the FDCPA

58. NCI has net worth in excess of $10 million.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—ENVELOPE CLASS

59. Plaintiff re-alleges the above paragraph as if set forth fully in this count.

60. NCI used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent each Plaintiff a collection letter in an envelope that contained language other than its address.

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of himself and the class and against Defendants as follows:

    A.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—CURRENT CREDITOR CLASS

61. Plaintiff re-alleges the above paragraph as if set forth fully in this count.

62. NCI has failed to effectively state the name of the current creditor, in violation of 15 U.S.C. § 1692g(a)(2).

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of himself and the class and against Defendants as follows:

    A.    Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael W. Drew  
One of Plaintiff's Attorneys

Michael W. Drew
**Neighborhood Legal LLC**
20 N. Clark Suite 3300
Chicago, IL 60602
Ph: (312) 967-7220
mwd@neighborhood-legal.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ Michael W. Drew
Michael W. Drew